UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis C., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, <br><br> Respondents. | No. 26-cv-0636 (SRN/SGE) <br><br><br> **ORDER** |

Taylor R. Stemler, Merchant & Gould, P.C., 150 S. 5th St., Ste. 2200, Minneapolis, MN 55402, for Petitioner

Ana Voss and Trevor Brown, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

    Before the Court is Petitioner Luis C.'s Emergency Motion to Show Cause [Doc. No. 8]. Petitioner requests an order requiring Respondents to show cause as to why the Court should not hold them in contempt for violating the Court's January 28, 2026 Order [Doc. No. 6].

1

## I. BACKGROUND

In the Court's January 28, 2026 Order, the Court found that Respondents had unlawfully detained Petitioner, and the Court ordered his immediate release from custody. (Jan. 28, 2026 Order at 4–7.) In addition, the Court ordered that "[u]pon release, Respondents shall return to Petitioner his identifying documents, immigration documents, paperwork of any kind, his cell phone, and any other personal belongings, including clothing and jewelry." (*Id.* at 7.)

Respondents released Petitioner from custody the following day, January 29, but without his Minnesota driver's license, U.S. work permit, Ecuadorian ID, and Ecuadorian driver's license. (Stemler Decl. [Doc. No. 10] ¶ 3; Pet'r's Mot. to Show Cause at 2.) Petitioner's counsel, Taylor Stemler, was given a phone number that is believed to belong to an ICE agent to whom Petitioner was directed to call to obtain his documents. (Stemler Decl. ¶ 5.) Petitioner's counsel phoned the number five times and sent four text messages between January 30, 2026 and February 4, 2026. (*Id.*) The owner of the phone number indicated his familiarity with the issue of Petitioner's missing documents, but the owner of the phone number provided no information on the documents' location or how they might be retrieved. (*Id.*)

Mr. Stemler emailed Respondents' counsel, AUSA Trevor Brown, about the missing documents on January 29. (Pet'r's Mot. to Show Cause at 2, Ex. 1 [Doc. No. 10-1] at 7–8.) Mr. Brown responded, stating that Petitioner's documents "went with him to El Paso", and while "[t]he file didn't fly back with him, . . . it's in transit now." (Ex. 1 at 7.) After three days had elapsed and the documents had not been returned, Mr. Stemler

emailed Mr. Brown on February 1. (*Id.*) Mr. Stemler stated that on several occasions he had phoned the number that Petitioner had been given, but received no details about the location of the documents or how he could obtain them. (*Id.*) He explained that without the documents, including his work permit and driver's license, Petitioner was unable to work. (*Id.*)

After counsel exchanged additional emails, on February 3, Mr. Stemler advised that if the documents were not received by the end of the day on February 4, Petitioner planned to file a motion for an order to show cause why Respondents should not be held in contempt. (*Id.* at 3.) In response, Mr. Brown stated that he had "passed this message along to ICE," and was informed that the file would be sent back to Minnesota on February 3. (*Id.*) Mr. Brown noted, however, "I'm not sure when it will arrive or what will be in it." (*Id.*)

On February 5, Mr. Brown updated Mr. Stemler that the file was en route to Minnesota, and provided a UPS tracking number for the file. (*Id.* at 1.) At that time, the tracking number indicated that the file was expected to arrive at Fort Snelling on Monday morning, February 9. (*Id.*) Mr. Brown stated, "Because it's a physical file, ICE has no way to check what's actually in it until the thing arrives. But I have this on the agency lawyer's radar, and I have a note to check in with her on Monday morning." (*Id.*)

Later that day, Petitioner filed the instant motion. In addition to seeking an order requiring Respondents to explain why they should not be held in contempt for violating the Court's order, Petitioner also requests the award of attorney's fees that his counsel expended to ensure compliance with this Court's order. (Pet'r's Mot. to Show Cause at 5.)

3

## II. DISCUSSION

A court may compel a party to comply with a lawful court order under the contempt power of the court. *See* 18 U.S.C. § 401(3); Fed. R. Civ. P. 70(e) (court may hold party disobeying judgment for a specific act in contempt); *see also Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) ("Courts have power to adjudge persons who willfully disobey their orders to be in contempt and such power extends to both civil and criminal contempt."). "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. Either incarceration or a fine may accomplish the purpose of coercion, while, where compensation is intended, a fine is imposed, payable to complainant." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (cleaned up).

An order finding a litigant in contempt requires a "failure to comply with a 'clear and specific' underlying order." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (citation omitted). "Before a party can be held in contempt for violating a court order, [the party] must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir. 1994) (cleaned up).

Petitioner has demonstrated that Respondents failed to comply with a clear and specific underlying order by failing to return his documents and identifying materials upon his release, as the Court expressly ordered in its January 28, 2026 Order. The emails exchanged between counsel further show that Respondents have actual knowledge of the specific order. Respondents are attempting to belatedly comply. The Court has

4

independently checked the UPS tracking number for Petitioner's file and it appears that the file was delivered today, February 6, 2026, at 9:50 a.m., and was received by a person named "Brian" at the "dock" of Respondents' location. UPS, *Tracking*, https://www.ups.com/track?loc=en_US&requester=ST/ (last accessed Feb. 6, 2026 at 11:00 a.m.).

In light of these recent developments, the Court defers ruling on Petitioner's Emergency Motion to Show Cause [Doc. No. 8], and issues this interim Order.

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Respondents' ICE attorney, referenced in Mr. Brown's February 5, 2026 email to Mr. Stemler, shall submit a sworn declaration no later than February 7, 2026, confirming that Petitioner's file has been received. To the extent the file is not addressed to Petitioner himself, the ICE attorney shall inventory the file and describe the contents of the file in the declaration.

2. Respondents' counsel shall immediately make arrangements with Mr. Stemler to provide the documents to Petitioner in the manner that Petitioner requests.

3. Mr. Stemler shall file a declaration confirming receipt and describing the materials that Petitioner has received.

4. The parties shall meet and confer on a briefing schedule for Petitioner's request for attorney's fees, and relay that information to the Court via letter. Consistent with that briefing schedule, Petitioner's counsel may submit a declaration and exhibits in support of his request for attorney's fees and Respondents may file a response. The Court will take the request under advisement on the papers.

Dated: February 6, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge